IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL GONZALEZ-MENDEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-1788 (PG)
(CRIMINAL 04-217(PG))

OPINION AND ORDER

This matter is before the court on motion brought under 28 U.S.C. § 2255 to vacate, set aside or correct sentence file by petitioner Angel Gonzalez-Mendez on August 12, 2011. (Docket No. 1).[1]  On August 18, 2006, he entered a plea of guilty to aiding and abetting bank robbery and aiding and abetting in the unlawful possession of a firearm in relation to a crime of violence, violations of Title 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) and 2113 (a) & (d). (Crim. No. 04-217 (PG), Docket No. 309).   At the sentencing hearing held on December 19, 2006, petitioner

---

[1] The motion seeks that the court authorize this request as a second or successive application for relief under 28 U.S.C. § 2255. See Crim. No. 04-217 (PG), Docket No. 479 (denial of Fed. R. Crim. P. 60(b) motion. In that motion, petitioner seeks relief similar to that sought herein and for much the same reasons. The court, however, found the petition untimely. Therefore, this is a first petition. If the court were to consider this request a second or successive application for relief, summary disposition would follow. See e.g. Cintron-Caraballo v. United States, 865 F. Supp. 2d 191, 194-95 (D.P.R. 2012).

CIVIL 11-1788 (PG)                                            2
(CRIMINAL 04-217 (PG))

received a term of imprisonment of 48 months as to Count Three of the Second Superceding Indictment, and 60 months as to Count Four, to be served consecutively to the sentence of Count Three. (Crim. No. 04-217 (PG), Docket Nos. 346, 348). The other counts in which petitioner was charged were dismissed upon sentencing. The sentence received was the one negotiated with the United States as the result of a plea agreement entered into under the provisions of Fed. R. Crim. P. 11(c)(1)(A) & (B), signed on August 18, 2006, and which the court honored at sentencing. No appeal was taken from the judgment of conviction docketed on December 21, 2006. Thus the conviction became final ten days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A)(i)(2006).

Petitioner argues in his motion that this is a unique case and that he negotiated a binding agreement with the government throughout the month of July, 2006. He charges that the government has breached the contract under both Crim. No. 07-453 (JAF) and Appeal No. 09-1299[2]. The agreement included a provision that the government would not use his name in future investigations related to Crim. No. 04-217 (PG). (Docket No. 1 at 3). He argues that as a result

---

[2] In United States v. Fernandez-Hernandez, 652 F.3d 56, 61 (1st Cir. 2011), petitioner is mentioned as having been the owner of a drug point prior to his arrest in 2004 for bank robbery. In that case, petitioner received three life sentences, the court having applied United States Sentencing Guidelines § 2D1.1(d), the "murder cross-reference." Crim. No. 07-453 (JAF), Docket Nos. 1692, 1832 (Sent. Tr. at 24). Those murders occurred on April 25, 2004. United States v. Fernandez-Hernandez, 652 F.3d at 68.

CIVIL 11-1788 (PG)                                    3
(CRIMINAL 04-217 (PG))

of the breach of the plea agreement, he has been subjected to "double jeopardy collateral estoppel under equitable estoppel, resulting in a miscarriage of justice under the circumstances. Docket No. 1 at 3. He stresses that the matter must be resolved by this court since the binding plea agreement is enforced by this sentencing judge. He stresses that this motion is based upon newly discovered evidence (in the form of information provided in a Rule 404(b) motion which was related to him by a fellow inmate), as well as a malicious and vindictive prosecution, and a jurisdictional defect and fraud on the court created by "double jeopardy collateral estoppel". Petitioner attacks the performance of his attorney in Crim. No. 07-453 (JAF) and argues that counsel therein knew of the breached agreement and failed to bring it to the attention of either the trial or appellate court.

On September 29, 2011, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely. However, the government addresses the merits of the petition to a degree and clearly shows that petitioner was not subjected to double punishments based on the same offense. (Docket No. 3.) The government retorts that the issues complained of in petitioner's motion pertain to the conviction in Crim. No. 07-453 (JAF), and not to Crim. No. 04-217 (PG).

CIVIL 11-1788 (PG)                               4
(CRIMINAL 04-217 (PG))


Notwithstanding the argument of misplacement of pleading, the government ultimately espouses the position that the motion is time-barred. I agree.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997); United States v. Caribe-Garcia, 711 F.Supp.2d 225, 227 (D.P.R. 2010).  Clearly, the present petition was filed four and one-half years from the date petitioner's sentence became final and unappealable.

In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by  governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

CIVIL 11-1788 (PG)                                              5
(CRIMINAL 04-217 (PG))

Petitioner's memorandum of law reveals no circumstances which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011); Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007). Therefore, one is forced to conclude that petitioner's claim is time-barred. See Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001). In fact, the identical determination has already been made by this court in Crim. No. 04-217 (PG), Docket No. 479 at 2-3. Furthermore, any purported transgression of the plea agreement was not performed in this case but in a case that was filed two years after petitioner was sentenced. See United States v. Fernandez-Hernandez, 652 F.3d at 61; Crim. No. 07-453 (JAF), Docket No. 1131). Transposing any remedy to this case from the future case confronts the redoubt of finality and taxes logic. If a breach to the agreement occurred, the offended court has jurisdiction for purposes of enforcement or remedy. See Crim. No. 04-217 (PG), Docket No. 479 at 2 n.1. ("Inasmuch as the government's alleged violation took place in Crim. Case 07-453 (JAF), the Court believes that the Defendant should have sought relief therein"). Indeed, petitioner has presented the issues of breach of contract and double jeopardy to the sentencing court in Crim. No. 07-453 (JAF). See Civil No. 12-1857 (JAF), Docket No. 1 at 4, ¶ 12. Along with that issue is the one related to the use of Rule 404(b) information in the later case, which use leads to the breach of contract argument. Petitioner provides

CIVIL 11-1788 (PG)                                    6
(CRIMINAL 04-217 (PG))

more detail in that collateral attack in relation to both the breach of contract and the double jeopardy arguments. See Civil No. 12-1857 (JAF), Docket No. 1 at 7, ¶ 12. Finally, he has asked the court in Crim. No. 07-453 (JAF) to "quash" the indictment based upon double jeopardy, collateral estoppel, and Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180 (1931)[3], and the argument of his "actual/factual innocence." Civil No. 12-1857 (JAF), Docket No. 18 at 1.  The issues are already in the correct court.  This is not that court.

In view of the above, the Motion to Vacate, Set Aside or Correct Sentence is denied, and this action is dismissed with prejudice.  The Clerk will enter judgment dismissing this action.

Based upon my reasoning above, no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 21st day of October, 2013.

                                      S/JUAN M. PEREZ GIMENEZ
                                      United States District Judge

---

[3]This case does not invite a Blockburger analysis. See e.g. United States v. Ramallo-Diaz, 455 F. Supp. 2d 22, 26-27 (D.P.R. 2006).